HARRY GINSBERG *v.* SAMUEL MASCIA

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued March 8—decided May 18, 1962

*T. Holmes Bracken,* for the appellant (defendant).

*Charles Henchel,* with whom was *Morris W. Mendlesohn,* for the appellee (plaintiff).

SHEA, J. In this action, the plaintiff sought an injunction to restrain the defendant from erecting and maintaining a fence or barrier dividing properties owned by the parties. The plaintiff also claimed damages. He alleged that the parties had made an agreement that no fence should be erected between the properties except by mutual agreement and that the defendant had begun to erect a fence in contravention of the agreement. The defendant, in his answer, denied the material allegations of the complaint. The court found the issues for the plaintiff and granted injunctive relief as requested. The defendant has appealed, claiming that the court erred in finding certain facts without evidence, in reaching certain conclusions when the subordinate facts do not support them, and in overruling certain claims of law.

The finding, which is not subject to correction, recites the following facts: The plaintiff and the

defendant own adjoining properties on the southerly side of Judson Avenue in New Haven. The defendant's property is east of that of the plaintiff. There is a dwelling house on each of the properties. On the easterly side of the plaintiff's property, there is a driveway leading from the street to a garage in the rear of the premises. This driveway is about ten feet wide and contiguous to the defendant's boundary line. Adjoining this driveway, on the defendant's property, there is an open space, about four feet wide, in which there is a concrete walk leading from the street to the rear of the defendant's house. The plaintiff is in the oil business and owns several trucks which travel over his driveway many times a day. The trucks are often driven over the boundary line onto the defendant's property. Prior to 1953, the plaintiff's use of the driveway caused disputes between the parties. In 1953, they agreed to replace an old, broken wooden fence running along the southern part of the boundary line with a new wire fence. Each party was to pay one-half of the cost. The parties engaged a fence specialist to do the work. In the defendant's absence, the salesman for the fence company was told by the plaintiff to insert into the written contract, to be signed by all the parties, the following language: "Each of the two purchasers of this 111 linear feet of 4 ft. fence agrees in signing this contract to each pay one half of the total cost of this fence as shown below and to have no further fence installed between these properties without mutual agreement." A contract containing the quoted words was signed by the plaintiff, by the defendant's wife, who signed the defendant's name in his presence, and by a representative of the fence company. The new fence was erected and extends from

the rear of the properties northerly along the boundary line to a post near the rear of both houses. The fence follows the old fence line, and the post near the rear of the houses is centered on the line. The plaintiff has acquired more trucks and continues with greater frequency to drive onto the defendant's land. Prior to the commencement of this action, the defendant erected three posts, all entirely on his land but near the boundary line of the plaintiff's property. The plaintiff, on bringing the present action, requested and obtained a temporary injunction, after which the defendant removed the posts.

The court concluded that the plaintiff was entitled to an injunction to restrain the defendant from erecting or maintaining a fence or barrier, other than the fence provided for in the 1953 contract, except by mutual agreement of the parties.

Restraining the action of an individual by injunction is an extraordinary power, always to be exercised with caution and never without the most satisfactory reasons. The court, before acting, must be satisfied that a wrong is about to be done or an injury is about to be sustained. *Brainard* v. *West Hartford,* 140 Conn. 631, 634, 103 A.2d 135. An injunction cannot be demanded as a matter of right but rests in the sound discretion of the court. *Point O'Woods Assn., Inc.* v. *Busher,* 117 Conn. 247, 250, 167 A. 546. It is a fundamental principle that equity will not interfere where the legal right is doubtful. *Holt* v. *Wissinger,* 145 Conn. 106, 115, 139 A.2d 353; *Roath* v. *Driscoll,* 20 Conn. 533, 539.

To determine whether the court was warranted in issuing an injunction in the present case, it is necessary to interpret the language of the contract which the injunction was designed to enforce. A contract

is to be construed according to what may be assumed to have been the understanding and intention of the parties. *Downs* v. *National Casualty Co.*, 146 Conn. 490, 494, 152 A.2d 316; *Bridge-Mile Shoe Corporation* v. *Liggett Drug Co.*, 142 Conn. 313, 318, 113 A.2d 863. That intention is to be determined from the language used, interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used. *Foley* v. *Foley*, 149 Conn. 469, 471, 181 A.2d 607; *Sturtevant* v. *Sturtevant*, 146 Conn. 644, 647, 153 A.2d 828. The contract in dispute provided that the parties agreed "to have no further fence installed between these properties without mutual agreement." The contract was executed under peculiar circumstances. The language was inserted, at the instance of the plaintiff, into a contract drawn by the fence company to embody an agreement between that company, on the one side, and the plaintiff and the defendant, on the other. The obvious purpose of the contract was to provide for the erection of and payment for a particular brand and style of fence on the line dividing the properties. The insertion of the additional agreement between the plaintiff and the defendant was a collateral maneuver designed to accomplish an ulterior purpose and was done under conditions which cast suspicion on the motives which prompted it. When we construe the contract in the light of the circumstances surrounding its making, it is clear that the parties intended that no further fence would be constructed on the line running between the two properties. The contract cannot be construed to prohibit any proper fence or barrier on

the land of either of the parties. They had just come to an understanding about the erection of a fence on a portion of the boundary line, and this agreement must be interpreted to mean that no fence extending beyond the point limited in the existing agreement would be erected on the boundary line without mutual consent. The trial court found that the three posts erected by the defendant were entirely on the defendant's land. In erecting them, the defendant did not violate the contract.

The plaintiff claims that the parties agreed that no fence would be erected anywhere between their houses for the full length of the driveway. The language of the agreement does not support such a claim. There is nothing to indicate that either of the parties ever intended to restrict the other in the proper and legal use of his own land. The trial court erred in issuing the injunction. See *Brainard* v. *West Hartford,* 140 Conn. 631, 634, 103 A.2d 135.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.