LEONARD CONCRETE PIPE COMPANY v.
C. W. BLAKESLEE & SONS, INC.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued May 8—decision released August 7, 1979

*James N. Royster,* with whom, on the brief, was *William M. Mack,* for the appellant (third-party plaintiff C. W. Blakeslee & Sons, Inc.).

*Bernard D. Gaffney,* for the appellee (third-party defendant Mattabassett District).

COTTER, C. J. The indemnitor on a construction contract appeals from a judgment rendered in favor of the indemnitee in an impleader action. The trial court findings, which are not subject to material correction, include the following facts: The third-party plaintiff C. W. Blakeslee & Sons, Inc., and the third-party defendant Mattabassett District entered into a construction contract pursuant to which Blakeslee agreed to construct a sanitary sewer line in the towns of Berlin and Cromwell in

accordance with plans and specifications provided by Mattabassett. In furtherance of its obligation to Mattabassett, Blakeslee executed a contract with the Leonard Concrete Pipe Co. which provided that Leonard would manufacture and supply the concrete pipe required for the sewer construction project. During the construction of the sewer project, engineers hired by Mattabassett inspected the pipe manufactured by Leonard to determine whether the pipe complied with the specifications contained in the construction contract.

Following the project's completion, Leonard sued Blakeslee alleging damages as a result of Blakeslee's refusal to accept pipe that had been manufactured in accordance with the specifications. Blakeslee impleaded Mattabassett alleging in its third-party complaint that if in fact pipe meeting the contract specifications had been rejected, it was rejected by the engineers employed by Mattabassett and that Mattabassett should therefore be liable for any losses sustained by Leonard. Mattabassett, the third-party defendant, filed a counterclaim against Blakeslee asserting a contractual right to indemnification for all costs which Mattabassett might incur as a result of any liability to Leonard and as a result of defending itself in the third-party action.[1] After overruling Blakeslee's demurrer to Mattabassett's counterclaim, the court, after a trial, concluded that Mattabassett was within its con-

---

[1] Mattabassett's counterclaim was based on paragraph G-13 of the Blakeslee-Mattabassett contract which provides: "The contractor [Blakeslee] shall indemnify, protect and hold harmless the District [Mattabassett], the Consulting Engineers, and the Engineer and their agents and employees from all suits, claims, and actions brought against them and all costs for any liability or claim to which they may be put, arising out of the performance of the work of this contract."

tractual rights when it rejected those pipes which were found not to comply with the contract specifications and accordingly rendered judgment in favor of Blakeslee as to Leonard's complaint and in favor of Mattabassett as to the third-party complaint. In addition, the trial court construed the indemnification provision of the Blakeslee-Mattabassett contract to include the third-party action and rendered judgment in favor of Mattabassett on its counterclaim awarding the costs it incurred in defending the third-party suit. Blakeslee appeals from the court's ruling on the counterclaim and asserts that the indemnification provision is void as against public policy or, alternatively, that the provision should not be construed to include the costs of defending the third-party action.

Indemnification agreements have long been recognized as a valid method of allocating the risks inherent in construction projects. See *Fairfield* v. *D'Addario,* 149 Conn. 358, 179 A.2d 826; *Buscaglia* v. *Owens-Corning Fiberglas,* 68 N.J. Super. 508, 172 A.2d 703. The plaintiff contends, however, that the indemnification agreement in the present case is void as against public policy insofar as it purports to indemnify Mattabassett against its own breach of the contract. The validity of a contract is determined not according to what may possibly happen but according to what has actually happened as between the contracting parties. *Collins* v. *Sears, Roebuck & Co.,* 164 Conn. 369, 377, 321 A.2d 444. The question then is whether the enforcement of the contract in this particular case would bring about a result which is contrary to public policy. The trial court determined, and the plaintiff does not dispute, that Mattabassett did not, in fact, breach its construction contract with Blakeslee when Mat-

tabassett rejected pipe which it determined did not conform to the specification requirements. There being no breach of contract by the indemnitee Mattabassett, we need not consider the question posed by Blakeslee whether, under other circumstances, the indemnification of Mattabassett for its own breach of the contract with Blakeslee would be contrary to the public policy of this state.

The determinative issue in this appeal, then, is whether the court correctly construed the indemnification provision to require indemnification of Mattabassett for all expenses incurred by it in successfully defending the third-party action brought by Blakeslee.

A contract must be construed to effectuate the intent of the contracting parties. *Ginsberg* v. *Mascia,* 149 Conn. 502, 506, 182 A.2d 4; *Downs* v. *National Casualty Co.,* 146 Conn. 490, 494, 152 A.2d 316. "The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used." *Ives* v. *Willimantic,* 121 Conn. 408, 411, 185 A. 427; *Powel* v. *Burke,* 178 Conn. 384, 387, 423 A.2d 97; *White Oak Corporation* v. *State,* 170 Conn. 434, 439, 365 A.2d 1162; *Anderson* v. *Pension & Retirement Board,* 167 Conn. 352, 355, 355 A.2d 283. The words used by the parties "must be accorded their common meaning and usage where they can be sensibly applied to the subject matter of the contract." *Beach* v. *Beach,* 141 Conn. 583, 589, 107 A.2d 629; *White Oak Corporation* v. *State,* supra; *Anderson* v. *Pension*

*& Retirement Board,* supra, 355.  Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. *Collins* v. *Sears, Roebuck & Co.,* supra, 374.

The language in the indemnity clause is unambiguous in its requirement that Blakeslee, the third-party plaintiff, "indemnify, protect and hold harmless" Mattabassett from all actions "arising out of the performance of the work of this contract." Blakeslee nonetheless argues that the phrase "of the work" should limit the application of the indemnity clause to those claims arising out of its own conduct, and not to those claims arising out of Mattabassett's conduct, since only Blakeslee was to perform any "work" under the contract.  Such a limitation, Blakeslee argues, would preclude the enforcement of the indemnity clause in this case because the third-party claim against Mattabassett arose from its own conduct.  Blakeslee's assertion that Mattabassett did not perform "work" under the contract is erroneous.  The activity of the engineers hired by Mattabassett in inspecting the pipe and supervising the project, which was the basis of Blakeslee's third-party complaint, was unequivocally "work of this contract," and the claims against Mattabassett in the third-party action, therefore, clearly arise out of the performance of that contract.  Thus, we cannot accept the limitation urged by the plaintiff.

An indemnity agreement will be construed to cover such losses which appear to have been intended by the parties.  See *White Oak Corporation* v. *State,* supra; 41 Am. Jur. 2d, Indemnity § 35. The agreement in this case provides for the indemnification of "all costs for any . . . claim to which

they [Mattabassett] may be put, arising out of the performance of the work of this contract." It is reasonable to interpret the term "costs" in the agreement to include the costs of successfully defending a third-party action brought by the indemnitee. *O'Gee* v. *Dobbs House, Inc.*, 570 F.2d 1084, 1090 (2d Cir.).

There is no error.

In this opinion the other judges concurred.