[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
Facts
By complaint filed March 2, 1992, the plaintiffs, John Doe, Jr., a minor child, and John Doe, Sr., individually and as next best friend and legal guardian of John Doe Jr., instituted this action against the defendant Shop-Rite Supermarkets, Inc. ("Shop-Rite"). The plaintiffs have alleged that John Doe, Jr. was injured on June 15, 1991, on Shop-Rite's premises when a pipe fell through the ceiling and struck the minor plaintiff on the head. The plaintiffs allege CT Page 4244 that the injuries and damage were caused by the carelessness and negligence of Shop-Rite in the construction, inspection and use of the premises under the theory of res ipsa loquitur.
On March 26, 1992, the defendant filed a motion to implead and on April 27, 1994, filed a third-party complaint against the defendant Reiffman Blum Associates, Consulting Engineers, P.C. ("Reiffman Blum"). The defendants impleaded additional third-party defendants as well.
Count seven of Shop-Rite's third-party complaint, directed against Reiffman Blum, alleges breach of contract and a duty to indemnify based on the theory of contractual indemnification. Shop-Rite alleges that it entered into a contract with Reiffman Blum to inspect the premises and existing structure at Marcus Plaza before renovation and construction work was to begin; that Reiffman Blum owed a contractual duty to Shop-Rite to refrain from all negligence and to properly inspect and accurately report the condition of the subject premises; and that Reiffman Blum breached contract when it negligently inspected the subject premises and failed to accurately, completely and properly report the conditions in a skilled and professional manner.
Count eight of Shop-Rite's third-party complaint, directed against Reiffman Blum, alleges a duty to indemnify arising from the doctrine of active/passive negligence. Shop-Rite has alleged that an independent legal duty existed based upon Reiffman Blum's contract with Shop-Rite to inspect the premises. Additionally, Shop-Rite has alleged that the negligence of Reiffman Blum was active; Reiffman Blum exercised exclusive control over the renovation work, including the exclusive presence in and inspection of the ceiling and roof area; Shop-Rite had no knowledge of any negligence of Reiffman Blum; and Shop-Rite reasonably relied upon Reiffman Blum not to be careless or negligent in the performance of the subject contract and the work required thereunder.
On February 1, 1994, Reiffman Blum filed an amended motion for summary judgment on counts seven and eight of Shop-Rite's third-party complaint and an accompanying memorandum of law. In support of its motion, Reiffman Blum submitted the following: a letter dated February 12, 1990, from George H. Blum to Timothy Ring, Shop-Rite's Director of Construction; CT Page 4245 the deposition of Timothy Ring; and third-party defendant Vergara's responses to requests for admissions.
On February 28, 1994, Shop-Rite filed an objection to Reiffman Blum's amended motion for summary judgment. In support of its objection, Shop-Rite submitted the following: a letter dated February 12, 1990, from George H. Blum to Timothy Ring; an invoice of Reiffman Blum dated February 12, 1990; Reiffman Blum's responses to discovery requests dated November 9, 1992; two affidavits of Thomas C. Thornberry dated February 25, 1994; various excerpts of deposition testimony and an affidavit of Timothy Ring; various excerpts of deposition testimony of George Blum; and case law.
On March 11, 1994, Reiffman Blum filed a memorandum of law in response to Shop-Rite's objection to Reiffman Blum's amended motion for summary judgment. In support of its response, Reiffman Blum submitted various excerpts of Timothy Ring's deposition testimony.
Discussion
In order to obtain summary judgment, the moving party must show that there exists no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364,567 A.2d 1212 (1990); Practice Book 384. The party seeking summary judgment has the burden of showing the nonexistence of any material fact. Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Scinto v. Stamm, 224 Conn. 524,530-31, 620 A.2d 99, cert. denied, ___ U.S. ___,114 S.Ct. 176, 126 L.Ed.2d 136 (1993).
Count Seven
Reiffman Blum argues that Shop-Rite has not alleged that a contract of indemnity existed between Reiffman Blum and Shop-Rite. Shop-Rite argues that although there was not a written contractual provision where in Reiffman Blum agreed to indemnify Shop-Rite, Shop-Rite is entitled to claim such damages as a result of Reiffman Blum's negligent inspection of the premises and failure to accurately, completely and properly report the existing conditions in a skilled and CT Page 4246 professional manner. This negligence can be construed as a tortious act as well as a breach of Reiffman Blum's contractual inspection duties, thus giving rise to a claim for indemnification.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). Connecticut courts recognize claims of contractual indemnification only to the extent that one party voluntarily assumes risk of loss or liability connected with a given transaction. Cirrito v. Turner Construction Co., 189 Conn. 701,706-07, 458 A.2d 678 (1983). The scope of such indemnity agreements are usually determined by their express written terms; Leonard Concrete Pipe Co. v. C.W. Blakeslee Sons, Inc., 178 Conn. 594, 598-99, 424 A.2d 277 (1979); although a contract for indemnification may be found where a party unequivocally agrees by words, actions or conduct to assume liability for indemnification. Therrien v. Safeguard Mfg. Co.,180 Conn. 91, 94-5, 429 A.2d 808 (1980).
Shop-Rite has not alleged that any express contract of indemnification exists between Reiffman Blum and Shop-Rite. Without such a contract, no duty to indemnify may be imposed based on the theory of contractual indemnification. Id. Thus, because Shop-Rite has not shown that it is entitled to judgment as a matter of law, the court finds that Reiffman 
Blum's amended motion for summary judgment on count seven of Shop-Rite's third-party complaint is hereby granted.
Count Eight
Reiffman Blum argue that it did not have exclusive control over the situation which resulted in the plaintiffs' injuries. Reiffman Blum further argue that an independent legal relationship did not exist between Reiffman Blum and Shop-Rite.
Shop-Rite argues that the issues of whether Reiffman 
Blum had exclusive control and whether an independent legal relationship existed between Reiffman Blum and Shop-Rite are questions of fact for the jury to decide.
In the absence of a contract to indemnify, there is ordinarily no right of indemnification between tortfeasors. CT Page 4247 Atkinson v. Berloni, 23 Conn. App. 325, 326, 580 A.2d 84
(1990). An implied obligation to indemnify exists between joint tortfeasors, however, where one tortfeasor is primarily or actively negligent. Kaplan v. Merberg, 152 Conn. 405, 411,207 A.2d 732 (1965). Active/passive indemnification is an exception to the general rule that there is no right of indemnification among joint tortfeasors. Id., 412. In order to successfully plead active/passive indemnification, the party must allege facts sufficient to prove the following:
(1) the other party was negligent;
(2) the other party's negligence was the direct and primary, immediate cause of the injury;
(3) the other party was in exclusive control over the situation;
(4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely on the other party to act without negligence. Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 26 (1990); Kaplan v. Merberg, supra, 416. In addition, in order to be entitled to indemnification from a tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based upon an independent legal relationship. Atkinson v. Berloni, supra, 328.
"The question whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is ordinarily one for the trier of fact." Id.
 Generally, the determination of whether an act is negligent is a matter for the jury, as is the question of exclusive control. A party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tortfeasor is ordinarily one for the trier of fact.
(Citations omitted). Weintraub v. Richard Dahn, Inc.,188 Conn. 570, 573-74, 452 A.2d 117 (1982). Thus, whether Shop-Rite CT Page 4248 is entitled to indemnification from Reiffman Blum is a question of fact for the jury. See id. Accordingly, Reiffman Blum's amended motion for summary judgment on count eight of Shop-Rite's third-party complaint is hereby denied.
Hurley, J.