[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By a revised one count complaint filed on June 4, 1991, the plaintiffs, Sammy and Julie Young, brought an action in negligence against the defendant, Walsh Construction Company., a Division of Guy F. Atkinson Company (Walsh). The plaintiffs allege that on July 14, 1989, Walsh was the general contractor for the State of Connecticut Department of Transportation in connection with work on the Mianus River Bridge on Interstate 95 in Connecticut. At CT Page 10973 such time, the plaintiffs allege that Walsh was in possession and control of the work site at the bridge, including a set of wooden steps leading from the underside of the bridge down an embankment. The plaintiffs further allege that on July 14, 1989, Sammy Young, while walking down the wooden steps, slipped and fell, resulting in injury. Julie Young brought a claim for loss of consortium on account of the injuries suffered by her husband, the plaintiff Sammy Young. On June 17, 1991, Walsh filed an answer and special defense on the ground that the plaintiffs' injuries were a result of the negligence and carelessness of the plaintiff Sammy Young. Thereafter, the plaintiffs amended the revised complaint to allege additional injuries allegedly suffered by Sammy Young.
On July 1, 1991, the court granted defendant Walsh's motion #107 to implead American Bridge Co. (American), a subcontractor, as a third-party defendant. In its third-party complaint dated June 12, 1991, Walsh as a third-party plaintiff asserted two counts against American for indemnification. In the first count, Walsh alleges that on July 15, 1988, it entered into an agreement with American whereby American was to perform certain subcontract work for Walsh at the Mianus River Bridge project. A copy of the subcontract between Walsh and American dated July 15, 1988, is attached to the third-party complaint. Walsh alleges that pursuant to the subcontract, American agreed to defend, indemnify and hold it harmless against the claims of the plaintiffs.
In the second count of the third-party complaint, Walsh asserts a claim upon the theory of active/passive negligence. Walsh alleges that the plaintiff, Sammy Young, was caused to slip and fall on the wooden steps due to the negligence of American in that it failed to instruct and train him with regard to job safety and the safe and proper method of descending steps while carrying tools and equipment, and that it failed to supervise him while he was working at the job site.
American filed an answer to the third-party complaint and asserted a special defense that any injury suffered by Walsh was caused by Walsh's own negligence. American subcontractor amended its answer to assert a second special defenses that Walsh's claims are barred because the subcontract is against public policy and void in accordance with General Statutes § 52-572k.
American has now filed a motion (#160) for summary judgment as to the third-party complaint on the grounds that (1) the subcontract relied upon by Walsh, the third-party plaintiff, in CT Page 10974 count one does not provide for indemnification; and (2) Walsh is not entitled to indemnification under the theory of active/passive negligence, as claimed in count two, because American as third-party defendant was not in sole and exclusive control of the area where the plaintiff, Sammy Young, was allegedly injured.
In support of the motion for summary judgment, American also filed (1) a copy of the subcontract between Walsh and American, dated July 15, 1988, and (2) copies of pages of the transcript of the deposition of Anthony Rossi, Project Manager for Walsh. In opposing summary judgment, Walsh filed the following: (1) copies of pages of the transcript of the deposition of the plaintiff, Sammy Young; (2) a copy of the Plaintiff's Compliance with the Defendant's First Set of Interrogatories and Requests for Production Directed to the Plaintiff Sammy G. Young, dated February 20, 1992; and a copy of the subcontract between Walsh and American, dated July 15, 1988.
American filed a supplemental memorandum of law in support of the motion for summary judgment and the following: (1) copies of pages of the transcript of the deposition of Dean Plese, the construction superintendent for Walsh; and (2) copies of pages of the transcript of the deposition of Jeff Brown, a safety inspector for Walsh.
Pursuant to Practice Book § 384 summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (Citations omitted.) Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984).
In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspaper, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). "Issues of negligence are ordinarily not susceptible to summary adjudication but should be resolved by trial . . . ." Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582
(1984). CT Page 10975
In deciding a motion for summary judgment the trial court may consider affidavits and any other proof submitted by the parties, in addition to the pleadings. Pepe v. City of New Britain,203 Conn. 281, 285-86, 524 A.2d 629 (1987). The reliance on uncertified copies of deposition transcripts in support of a motion for summary judgment is inappropriate. Oberdick v. AllendaleMutual Insurance Co., 9 Conn. L. Rptr. 607, 608-09 (August 25, 1993, Celotto, J.); Lagana v. Lastrina, 9 Conn. L. Rptr. 178 (May 2, 1993, Arena, J.); but see Burns v. Hartford Hospital, supra,192 Conn. 451.
A party may test the legal sufficiency of a claim by motion for summary judgment. Hoey v. Textron, Inc., 9 CSCR 423 (March 17, 1994, Rodriguez, J.), citing Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971); but see Burke v. Avitabile,32 Conn. App. 765, 772, 630 A.2d 624 (1993) (a motion for summary judgment is not to test the legal sufficiency of a complaint). "Summary judgment as a method to test the legal sufficiency of a complaint is available where the standards applicable to all cases for granting summary judgment are met." Hoey v. Textron, Inc., supra, 9 CSCR 423.
1. Indemnification pursuant to the subcontract
American argues that it is entitled to summary judgment as to count one of Walsh's third-party complaint for indemnification under the subcontract because the plaintiffs, complaint alleges negligence exclusively on the part of Walsh, and under the subcontract, American is not required to indemnify Walsh for its own exclusive negligence. In opposition to the motion, Walsh argues that it is entitled to indemnification because the subcontract requires American to indemnify Walsh in connection with any suit arising out of American's performance of the subcontract work and the plaintiffs, injuries arose out of American's execution of work under the subcontract.
"Indemnification agreements have long been recognized as a valid method of allocating the risks inherent in construction projects." Leonard Concrete Pipe Co. v. C.W. Blakeslee Sons,Inc., 178 Conn. 594, 597, 424 A.2d 277 (1979); see also Cirrito v.Turner Construction Co., 189 Conn. 701, 458 A.2d 678 (1983);Laudano v. General Motors Corp., 34 Conn. Sup. 684, 687,388 A.2d 842 (App. Sess. 1977). "The unambiguous language of an indemnity clause should be given effect as expressing the parties' CT Page 10976 intention." Laudano v. General Motors Corp., supra, 34 Conn. Sup. 687; see also Sturman v. Socha, 191 Conn. 1, 10, 463 A.2d 527
(1983). "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." Leonard Concrete Pipe Co. v. C.W. Blakeslee Sons, Inc., supra, 178 Conn. 599. Accordingly, "[a]n indemnity agreement will be construed to cover losses which appear to have been intended by the parties." Id.
Paragraph 15 of the subcontract between Walsh and American provides in pertinent part that:
 Subcontractor agrees to defend, indemnify and hold the Contractor, and the Owner, wholly harmless from any damages, claims, demands or suits by any person or persons, arising out of or resulting from the execution of the work provided in this Subcontract, or occurring in connection therewith, excluding liability for negligence of the Contractor or Owner, except in connection with general supervision of work performed by the Subcontractor. The foregoing shall include indemnity for property damage and for injury or death of any person, including employees of Contractor or Subcontractor. . . .
The indemnification clause at paragraph 15 of the subcontract between Walsh as general contractor and American as subcontractor is clear and unambiguous, and therefore, it should be given effect according to its terms. See Leonard Concrete Pipe Co. v. C.W.Blakeslee Sons, Inc., supra, 178 Conn. 599; Laudano v. GeneralMotors Corp., supra, 34 Conn. Sup. 687. Accordingly, pursuant to paragraph 15 of the subcontract, American is to defend, indemnify and hold Walsh harmless from any damages, claims, demands or suits that arise out of, or result from, the execution of the work under the subcontract. See Leonard Concrete Pipe Co. v. C.W. Blakeslee Sons, Inc., supra, 178 Conn. 599. American is not required to indemnify Walsh from liability for Walsh's negligence, except in the instance where Walsh is negligent in connection with the general supervision of the work performed by American. Id. Furthermore, issues of material fact exist as to whether Walsh was negligent, and if so, whether Walsh was negligent in connection with its general supervision of the work performed by American under the subcontract, and therefore, American's motion for summary judgment must be denied as to count one of the third-party complaint. CT Page 10977
American further argues that requiring it to indemnify Walsh for its own negligence would be contrary to public policy under General Statutes § 52-572k. Walsh argues that the clause in the subcontract providing for indemnification is not contrary to public policy and void pursuant to § 52-572k because the language of the clause does not require American to indemnify Walsh from Walsh's sole negligence.
The relevant portion of § 52-572k(a) provides:
 Any covenant, promise, agreement or understanding entered into in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of any building, structure or appurtenances thereto . . . that purports to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of such promisee, his agents or employees, is against public policy and void . . . .
Indemnification agreements in construction contracts are void if they hold the promisee harmless for liability for injury caused by the sole negligence of the promisee. See General Statutes §52-572k(a). The indemnification clause in the subcontract between Walsh and American specifically excludes the requirement that American indemnify Walsh for liability for Walsh's own negligence, except when the negligence of Walsh is in connection with the general supervision of the work performed by American. Therefore, the language of the indemnification clause complies with §52-572k(a) and is not void as against public policy.
2. Indemnification under the theory of Active/Passive Negligence
In its memorandum of law in support of its motion for summary judgment, American concedes that in count two of the third-party complaint Walsh has properly alleged four out of five elements that are necessary to maintain a claim for indemnification under the theory of active/passive negligence. Nevertheless, American argues that Walsh has failed to allege that American was in sole and exclusive control of the area where the plaintiff, Sammy Young, was injured, and therefore, it has failed to sufficiently allege a cause of action for indemnification. American further argues that it was not in sole and exclusive control of the area where the plaintiff, Sammy Young, alleges that he was injured, and therefore, CT Page 10978 it is entitled to summary judgment.
In opposition, Walsh argues that it has alleged that American was in the exclusive control of the actions of the plaintiff, Sammy Young, and thereby, it has sufficiently alleged that American had "exclusive control of the situation." Walsh further argues that the determination of whether American has exclusive control and whether American was primarily negligent involves issues of fact, and therefore the motion for summary judgment should be denied.
"Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable." Atkinson v. Berloni,23 Conn. App. 325, 326, 580 A.2d 84 (1990). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petro Plus of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 26 (1990). If a claim for indemnification is grounded in tort, indemnification is "warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought." Id. Accordingly, a party seeking indemnification must prove the following elements: "(1) the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did I not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Id.; see also Atkinson v. Berloni, supra, 23 Conn. App. 327. In addition, "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Id.
"Generally, the determination of whether an act is negligent is a matter for the jury, . . . as is the question of exclusive control. . . . A party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tortfeasor is ordinarily one for the trier of fact." Weintraub v.Richard Dahn, Inc., 188 Conn. 570, 573-74, 452 A.2d 117 (1982).
In count two of the third-party complaint, Walsh alleges that American was in control of the actions of its employee, the plaintiff Sammy Young, to the exclusion of Walsh. Walsh further CT Page 10979 alleges that if the plaintiff was caused to slip and fall on the wooden steps due to the negligence of a third party, it was due to the negligence of American in that it failed to instruct and train the plaintiff, Sammy Young on job safety and the safe and proper method of descending steps while carrying tools and equipment, and it failed to supervise him while he was working on the job site. Walsh alleges that it was the negligence of American, rather than any negligence on its part, that was the direct and proximate cause of the plaintiff's fall. Walsh alleges that it had no reason to know of or to anticipate American's negligence and that it relied on American not to be negligent.
Viewing the allegation in the light most favorable to Walsh, the allegation that American was in control of the actions of the plaintiff, to the exclusion of Walsh, sufficiently alleges that American was in exclusive control of the situation, and therefore, count two of the third-party complaint sufficiently alleges a cause of action for indemnification. See Burkert v. Petro Plus ofNaugatuck, Inc., supra, 216 Conn. 74. Furthermore, issues of material fact exist as to whether American was primarily negligent. See Weintraub v. Richard Dahn, Inc., supra, 188 Conn. 573-74. Accordingly, American's motion for summary judgment is denied as to count two of Walsh's third-party complaint.
So Ordered.
Dated at Stamford, Connecticut this 27th day of October, 1994.
WILLIAM BURKE LEWIS, JUDGE