[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 27, 1995, the defendant Brian Gildea filed an application for a rule to show cause why the judgment in this case should not be opened and modified. The application was served on the plaintiff Lubamyra Gildea on May 16, 1995. On July 3, 1995, the plaintiff filed a motion for contempt.
The defendant asserts that the dissolution judgment which entered on November 22, 1991, should be modified on the grounds that the minor child has turned 18 years old. The plaintiff; alleges that the defendant is in contempt of the court orders CT Page 1286-G entered pursuant to the dissolution judgment because he unilaterally reduced the unallocated alimony and child support order of $525.00 to $300.00 beginning on April 7, 1995, and he failed to make any payments on July 8, 1994 and December 2, 1994.
On November 22, 1991, the court entered a dissolution judgment incorporating the terms of a separation agreement entered into by the parties dated November 20, 1991. Pursuant to the separation agreement, the defendant was obligated to pay the plaintiff the sum of $525.00 "as unallocated alimony and child support." At the time, there was one minor child issue of the marriage, Stefan Gildea.
On July 31, 1992, Stefan turned 18 years old. The defendant continued to make payments of $525.00 to the plaintiff and made no effort to modify the court order. The defendant did so because, subsequent to Stefan turning 18, he entered into an agreement with Stefan that he would continue to financially support Stefan while Stefan pursued plans for post-secondary education. Stefan attended a program in Florida which he completed in the spring of 1994.
Beginning April 7, 1995, the defendant unilaterally reduced the amount of his weekly payments to the plaintiff from $525.00 to $300.00.
The plaintiff takes the position that the defendant's motion to modify the amount of unallocated alimony and child support payments should be denied because the payments constitute alimony only and no portion of them is attributable to child support. The plaintiff's position is untenable.
The principles of law governing the court's determination of this issue are well known and well settled.
 In the present case, the agreement of the parties was ordered incorporated by reference into the dissolution decree. A judgment rendered in accordance with such a stipulation of the parties is to be regarded and construed as a contract. See Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837
(1980); Albrecht v. Albrecht, 19 Conn. App. 146, 152, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534
(1989). The construction of such an agreement by the trial court is subject to our review under the clearly erroneous standard. Albrecht v. Albrecht, supra; see Lavigne v.CT Page 1286-H Lavigne, 3 Conn. App. 423, 427, 488 A.2d 1290 (1985).
 "A contract is to be construed as a whole and all relevant provisions will be considered together." Lar-Rob Bus Corporation v. Fairfield, 170 Conn. 397, 407, 365 A.2d 1086
(1976); see Blatt v. Star Paper Co., 160 Conn. 193, 200, 276 A.2d 786 (1970); 17 Am.Jur.2d, Contracts 258. "In giving meaning to the terms of `a contract, we have said that `a contract must be construed to effectuate the intent of the contracting parties.'" Sturman v. Socha, 191 Conn. 1, 10, 463 A.2d 527 (1983); Leonard Concrete Pipe Co. v. C. W. Blakeslee Sons, Inc., 178 Conn. 594, 598, 424 A.2d 277
(1979); Ginsberg v. Mascia, 149 Conn. 502, 506, 182 A.2d 4 (1962). In ascertaining intent, "we consider not only the language used in the contract but also the circumstances surrounding the making of the contract, the motives of the parties and the purposes which they sought to accomplish." Connecticut Co. v. Division, 425, 147 Conn. 608, 616, 164 A.2d 413 (1960); Marcus v. Marcus, 175 Conn. 138, 141, 394 A.2d 727 (1978). "The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used." Ives v. Willimantic, 121 Conn. 408, 411, 185 A. 427 (1936); Leonard Concrete Pipe v. C. W. Blakeslee Sons, Inc.,
supra; Powell v. Burke, 178 Conn. 384, 387, 423 A.2d 97
(1979). This is so where the parties have their agreement in writing. Sturman v. Socha, supra; Robert Lawrence Associates, Inc. v. DelVecchio, 178 Conn. 1, 14, 420 A.2d 1142 (1979). "In interpreting contract items, we have repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning in usage where it can be sensibly applied to the subject matter of the contract." Sturman v. Socha, supra, 10; Marcus v. Marcus, supra, 141-2; Sturtevant v. Sturtevant, 146 Conn. 644, 647-48, 153 A.2d 828 (1959). Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contend for different meanings. CT Page 1286-I Downs v. National Casualty Co., 146 Conn. 490, 494, 152 A.2d 316 [1959]." Collins v. Sears, Roebuck Co., 164 Conn. 369, 374, 321 A.2d 444 (1973); see Reese v. First Connecticut Small Business Investment Co., 182 Conn. 326, 327, 438 A.2d 99 (1980).
 Barnard v. Barnard, 214 Conn. 99, 109-110 (1990).
The intent of the parties in this case is clear from the language of the separation agreement. Article III of the agreement states that "the husband shall pay to the wife the sum of Five Hundred and Twenty-Five Dollars ($525.00) per week as unallocated alimony and child support. . . ." The agreement also states that "the parties agree and understand that child support may be modifiable as provided by law, but in no instances shall alimony be modifiable upwards at any time or for any reason." The language of the agreement expresses an unambiguous intent to provide the plaintiff with child support as well as alimony.
This conclusion is buttressed by the fact that the parties had a minor child who would be living with the plaintiff. Therefore, the defendant had a legal obligation to pay the plaintiff child support. Conn. General Statutes § 46b-84. In fact, the plaintiff's attorney at the hearing at the time of the dissolution judgment represented to the court that the separation agreement contained "orders for child support for the minor child Stefan" which deviate from the child support guidelines. (Transcript, p. 3.)
At the hearing before this court, the plaintiff testified that it was her understanding that the payment of $525.00 represented alimony only. The intention that may have existed in her mind is immaterial. "The intention of the agreement is a search for the intent of the parties. This intent must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained."Sweeney v. Sweeney, 9 Conn. App. 498, 501 (1987).
The payment of unallocated alimony and child support may be modified upon a showing of a substantial change in circumstances. Conn. General Statutes § 46b-86. The child Stefan's reaching the age of majority constitutes a substantial change of circumstances for purposes of modifying the unallocated alimony and child support order. Matles v. Matles, 8 Conn. App. 76
(1986). "Inherent in an order of unallocated alimony and support CT Page 1286-J is that some portion of the order is attributable to the payor's obligation to support the child. When the obligation to support the child no longer exists, it becomes appropriate for the trial court to reexamine the facts and circumstances of the parties as they exist at the time of such occurrence and to modify any such orders to reflect the changed circumstances." Matles v. Matles,
supra, 8 Conn. App. 79-80.
A substantial change in circumstances exists which requires this court to decide whether and to what extent the unallocated alimony and child support order should be modified. "Once a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine an initial order of alimony and support are relevant to the question of modification. This requires the court to consider without limitation, the needs and financial resources of each of the parties and their children, as well as such factors as health, age and station in life." Hardisty v.Hardisty, 183 Conn. 253, 258-259 (1981). (Citations omitted.) Specifically, the court should examine the statutory criteria outlined in §§ 46b-82 and 46b-84. Id. "It should evaluate the circumstances of the parties as they exist at the time of the modification hearing, compare them to what they were at the time of the last court order and arrive at a fair and equitable determination." Borkowski v. Borkowski. 228 Conn. 729, 747
(1994).
The parties were married for over 24 years. The plaintiff presently has no income other than the unallocated alimony and child support payments which she receives from the defendant. The defendant currently reports a net income after payment of taxes and medical insurance of $801.00 weekly. The court has carefully considered these facts as well as all the other criteria established for the awarding of alimony under Conn. General Statutes § 46b-82.
The award of unallocated alimony and child support is modified as follows:
(1) The payment of child support is terminated.
(2) Alimony is awarded in the amount of $385.00 per week to be paid by the; defendant to the plaintiff until the happening of the first of the following events: CT Page 1286-K
a) death of either of the parties;
b) remarriage of the wife;
 c) the wife's cohabitation with an unrelated male for a consecutive period of 18 months.
The provision of the separation agreement that the wife may have an annual gross income of up to $25,000.00 without the husband seeking a modification to reduce alimony remains in effect.
The defendant is not seeking a credit for any child support payments made after his son Stefan reached the age of majority. Compare Miller v. Miller, 181 Conn. 610, 613-614 (1980), andAlbrecht v. Albrecht, 19 Conn. App. 146, 155 (1989). See also,Kolkmeyer v. Kolkmeyer, 18 Conn. App. 336 (1989). At the hearing before this court, he specifically stated that he is only claiming a modification back to the date of service of his motion for modification on the plaintiff. See Conn. General Statutes § 46b-86(a). Moreover, the defendant voluntarily and knowingly waived any right he may have had for a credit for post-majority child support payments when he willingly entered into an agreement with Stefan to continue paying support while Stefan was in post-secondary school with full knowledge that he was not required to do so.
The plaintiff seeks to have the defendant found in contempt of the court's order to pay $525.00 per week in unallocated alimony and child support. The defendant did not pay the plaintiff the $525.00 of unallocated alimony and child support due for the week of July 8, 1994. He failed to make the payment because his income was substantially reduced that week due to his admission into the hospital for a medical ailment which was initially perceived to be a heart attack. This payment has not been paid to date. He was also late in making payment of $525.00 due the week of December 13, 1994.
Beginning April 7, 1995, the defendant lowered the amount of his unallocated alimony and child support payments to the plaintiff from $525.00 per week to $300.00 per week. He reduced the payments because his child Stefan had reached the age of majority. CT Page 1286-L
The motion for contempt is denied because the court does not find the actions of the defendant to constitute wilful defiance of the court's orders. The one missed payment of July 8, 1994 and the one late payment of December 13, 1994 are the only evidence submitted to the court of significant transgressions by the defendant of the court's November 22, 1991 order to make payments on a weekly basis. The defendant made over 200 payments during a period exceeding 4 years. He offered a reasonable explanation for his missed payment and promptly covered his late payment.
Once the minor child turned 18 years old, the defendant should have continued to pay the $525.00 in unallocated alimony and child support until the court ruled on his; motion to modify. See Kolkmeyer v. Kolkmeyer, supra, 18 Conn. App. 341-342; andMatles v. Matles, supra. 8 Conn. App. 79. However, the defendant acted in accordance with a good faith belief that he was no longer obligated to pay child support. He also unsuccessfully attempted to communicate with the plaintiff to negotiate a reduction in the payments. "The fact that the order had not been complied with fully . . . does not dictate that a finding of contempt must enter. It is within the sound discretion of the court to deny a claim for contempt when there is an adequate factual basis to explain the failure to honor the court's order."Marcil v. Marcil, 4 Conn. App. 403, 405 (1985).
Accordingly, the defendant's motion to modify is granted. The plaintiff's motion for contempt is denied.
The modification is retroactive to service of the motion for modification of the plaintiff on May 16, 1995. The defendant was obligated to pay $525.00 from April 7, 1995 through May 16, 1995. He only paid $300.00 weekly, resulting in an arrearage of $1,125.00. He is also obligated to pay $385.00 weekly from May 16, 1995 through January 19, 1996. He only paid $300.00 weekly, resulting in an arrearage of $3,060.00. In addition, the court finds an arrearage due of $525.00 for the week ending July 8, 1994. The court finds a total arrearage of $4,710.00. This sum is to be paid as follows: $2,000.00 within two weeks of the date of this decision, and $115.00 weekly until the remaining $2,710.00 is paid in full.
BY THE COURT:
Jon M. Alander, Judge CT Page 1286-M