[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The underlying first party action concerns a product liability case in which the plaintiff, Diana Fernandez, alleges that she suffered damages when struck by an electronically controlled door manufactured by The Stanley Works. The plaintiff's employer, Southern New England Telephone, referred to hereinafter as "SNET", intervened to recover workers' compensation benefits paid to the party plaintiff pursuant to § 31-293 of the Workers' Compensation Act.[1] Subsequently, Stanley filed a cross-claim apportionment action as well as a cross-claim indemnification action against SNET. Now, before the court are SNET's motions for summary judgment as to both the apportionment and indemnification cross-claims of Stanley. CT Page 12289
Summary judgment in SNET's favor is granted against Stanley on both Stanley's apportionment and indemnity claims. The court rules that a manufacturer's instructions for safe use and maintenance of a product to a product user do not create an "independent legal relationship" sufficient to form an exception to the bar of immunity for employer tort liability for personal injuries to its employee sustained in the workplace. When there is no implicit or explicit agreement to indemnify, the court holds that a manufacturer cannot seek indemnification from the employer. Furthermore, the court holds that an apportionment claim cannot be brought by a defendant manufacturer against an immune employer in a product liability action brought by the employer's employee. The court holds that a third party manufacturer cannot seek apportionment against an employer in a product liability action under § 52-572h because that law applies only to conventional tort claims, but has no application to statutory product liability claims brought under §52-572m. The court also holds that the alternative grounds for comparative responsibility proposed by Stanley under §52-572o of the statutes is applicable generally to a products liability action, but cannot apply to this specific situation because the employer, SNET, is immune from liability to its employee. In this case, that immunity is not vitiated by existence of any sufficient evidence of an independent legal relationship between Stanley and SNET so as to permit indemnity to a cross-complaining codefendant. Or, in other words, there is no sufficient evidence in this case of any express or implied agreement by the employer SNET to waive an immunity it might otherwise enjoy and indemnify Stanley the manufacturer for any negligence to its employee for which it would be otherwise immune.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24, (1999).
The Court will now turn to a more intensive analysis of the CT Page 12290 indemnity issue.
Addressing the indemnification issue, Stanley argues that summary judgment is inappropriate since there is a question of fact concerning the existence of such an independent legal relationship. Stanley maintains that the allegedly defective door contained specific instructions (stuck on the door) as to its daily maintenance and that SNET received a checklist of functions to be performed daily in regards to the door. Stanley argues that these daily requirements would create an independent legal relationship, because had SNET performed these check-ups, it would have perhaps found a problem with the door which Stanley would have been able to fix before injury occurred to the plaintiff or any other worker.
The court finds that the presence of the maintenance checklist does not create a material question of fact as to the existence of an independent legal relationship that would serve as an exception to the exclusivity of the workers' compensation law. SNET's motion for summary judgment on the indemnification cross-claim is granted.
"When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation indemnify a bailor, or a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a `primary' wrongdoer impliedly promises to indemnify a `secondary' wrongdoer, the great majority of jurisdictions disallow this claim." Ferryman v. Groton, 212 Conn. 138, 145, 561 A.2d 432
(1989) citing 2A A. Larson, Workmen's Compensation Law 76. Thus, an indemnification claim based on active or passive negligence does not defeat the exclusivity of workers' compensation unless an independent legal relationship exists. Id. Section 31-284 of the General Statutes is plain enough in stating that:

CT Page 12291 (a) An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained . . .
The holding in Ferryman has been extended to product liability cases. Shores v. Arthur Industries, Inc., Superior Court, judicial district of New London at New London, Docket No. 517006 (February 10, 1993, Teller, J.) Thibeault v. Mark Industries,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 504396 (November 27, 1992, Dunn, J.). In both of these cases, an independent contractual agreement for indemnification existed between the third-party and the employer.
In the present case, there is no such express contractual indemnification agreement between the parties. Thus, the court must look to see whether any other sufficient independent legal relationships exist. "[I]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty."Atkinson v. Berloni, 23 Conn. App. 325, 327, 580 A.2d 84 (1990). Though Atkinson has been expressly overruled by Skuzinski v.Bouchard Fuels, Inc., 240 Conn. 694, 702, 694 A.2d 788 (1997) ("a third party plaintiff, outside the context of workers' compensation law, need not establish the existence of an independent legal relationship between itself and the alleged indemnitor as a condition for recovery on the basis of a common law claim for indemnity"); cases interpreting the independent legal relationship are still beneficial for purposes of the present situation. Courts have interpreted this special duty as being a "duty to the third party by the employer to reimburse that third party where injuries are caused to an employee and the employee sues the third party. . . ." (Citations omitted; internal quotation marks omitted.) Schweighoffer v. Pesavento,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 315844 (January 29, 1996, Hauser, J.) "The important principle is whether the employer has imposed on itself through contract or has imposed on it by statute an independent legal duty to the third party apart from any claim by a third party that the employer should be held responsible for its active negligence in causing the injury to the employee." Bremseth v.Connecticut Light Power Co., Superior Court, judicial district CT Page 12292 of Hartford/New Britain at Hartford, Docket No. 526545 (August 1, 1995, Corradino, J.)
In Schweighoffer, the court granted the employer's motion to strike an indemnification claim where the third-party alleged that the employer failed to warn, instruct and properly supervise the injured employee; the employer had exclusive control over the product and area where it was used; the third party had no reason to anticipate the employer's negligence and; a legal relationship existed between the third party and the employer as a result of past purchases of the allegedly defective drain cleaner and past business dealings. The court reasoned that the allegations described were insufficient and did not give rise to a duty to indemnify. See also: Roundtree v. A M Manufacturing Co. Inc.,
Superior Court New Haven, Docket No. 338311 (September 27, 1995, Corradino, J.)
In Bremseth v. Connecticut Light Power Co., supra, Superior Court, Docket No. 526545, the court granted a motion to strike an indemnification claim where the third party argued, among other allegations, that a legal duty was created by the employer because the employer set guidelines for the third party, trained the third party, and established procedure. The court explained its decision by noting that while a relationship may have been created, it was not of the kind that warranted a duty to indemnify.
In the present case, Stanley alleges that SNET was in possession and control of the door and had an obligation to maintain and inspect the door; and that Stanley had no reason to know of or anticipate the negligence of SNET. In objection to the motion for summary judgment, Stanley points to evidence about the door sticker and about the need for daily inspections and that SNET was in possession of an additional daily check-up list.
Even with the sticker or checklist, the court cannot see how, as a matter of law, an independent duty to indemnify on the part of SNET and the user of the door, would be created. For one, a duty to indemnify does not exist simply because a party buys a certain product from a manufacturer. "The law does not independently impose a quasi-contractual duty upon a buyer to indemnify a manufacturer — [seller] for injuries sustained by the buyer's employees in the use of a defective product." Therrien v.Safeguard Manufacturing Co., 180 Conn. 91, 95, 429 A.2d 808
(1980). The vendor/vendee relationship set forth is insufficient CT Page 12293 to support an indemnity claim. See: Hajjar v. Frederick L.Bultman, Inc., Superior Court, judicial district of Danbury at Danbury, Docket No. 316244 (February 9, 1995, Leheny, J.) See also, Schweighoffer v. Pesavento, supra, Superior Court, Docket No. 315844.
The sticker and "daily checklist" do not create the kind of question of fact as to any implied indemnity agreement sufficient to defeat the motion for summary judgment. This Court holds that "[t]he receipt of instructions with regard to the safe use of a product is not per se tantamount to a promise to indemnify."Therrien v. Safeguard Manufacturing Co., supra, 181 Conn. 95. Though SNET might have been aware of the instructions and the need for inspections, there is no evidence that SNET agreed that these instructions would allow Stanley to seek indemnification in the event of a malfunction. At the most, it seems that Stanley can only show that SNET was negligent in failing to inspect the door and was negligent in finding and reporting any malfunction. However, even if it is proven that SNET failed to abide by the instructions and was negligent in doing so, SNET's conduct in regard to the injured employee plaintiff would still be one of negligence. Keeping the question of indemnity to the side for a moment, the provisions of workers' compensation would bar SNET from being liable outside of workers' compensation. Thus, at least one court has suggested that holding the employer responsible to any degree in the added context of indemnification would be contrary to the intent of the Workers' Compensation Act. See Roundtree v. AM Manufacturing Co., Inc., supra, Superior Court, Docket No. 338311.
Indemnity agreements are usually determined by their express written terms; Leonard Concrete Pipe Co. v. C. W. Blakeslee Sons, Inc., 178 Conn. 594, 598-99, 424 A.2d 277 (1979); although a contract for indemnification may be found where a party unequivocally agrees by words, actions or conduct to assume liability for indemnification. Therrien v. SafeguardManufacturing Co., supra, 180 Conn. 94-95. In the present case, there is no such unequivocal agreement that SNET would assume liability for indemnification. Evidence that SNET received instructions as to the proper use and maintenance of the door in question is insufficient basis to create an independent legal relationship.
For all these reasons, SNET's motion for summary judgment as to Stanley's cross-claim for indemnification is granted. CT Page 12294
The court will next turn to the motion for summary judgment addressed to the apportionment or comparative responsibility cross claim. SNET argues that it is entitled to summary judgment on the Stanley apportionment cross-claim because the underlying product liability action prohibits the kind of apportionment claimed by Stanley. In the alternative, SNET argues that the apportionment cross-claim is barred by the exclusivity of the Workers' Compensation Act. Stanley argues that summary judgment is improper in the present case because the apportionment crossclaim does not seek to add a new party but seeks apportionment from an existing one, and again argues that there is a question of fact as to the existence of an independent legal relationship.
The court grants the motion for summary judgment as to apportionment.
Apportionment, a direct division of the damages between joint tortfeasors for a limited amount as to each defendant, exists solely by virtue of § 52-572h. Sheehan v. Superior Ambulance,
Superior Court, judicial district of Tolland at Rockville, Docket No. 059460 (March 18, 1998, Sullivan, J.). In the present case, the plaintiff clearly has brought a product liability action against Stanley. Since a product liability claim is controlled exclusively by § 52-572m, it can never be a claim arising under § 52-572h. Paul v. McPhee Electrical Contractors,46 Conn. App. 18, 21, 698 A.2d 354 (1997). Since § 52-572h is the sole means by which a party may seek apportionment, an apportionment is improper in the context of a product liability claim even if the party is already present in the action. SNET, accordingly, is entitled to summary judgment on that ground.
In the alternative, Stanley's cross-claim seeks an assessment of comparative responsibility, pursuant to § 52-572o, against SNET. Section 52-572o specifically allows the court to consider the comparative responsibility of all parties involved in a product liability suit.
The question before the court is whether comparative responsibility may be applied against SNET, the employer, which is ordinarily immune from suit for negligence for injury to an employee through the exclusivity of our workers' compensation law. The Court holds that such comparative responsibility may not be applied against SNET. CT Page 12295
The exclusivity provision of workers' compensation in regard to claims by a third-party may be circumvented only in circumstances where the employer, either expressly or by implication, agrees to indemnify the third-party. No evidence submitted would permit a finding that such an agreement does exist in the present case.
Certain arguments concerning indemnification apply to the comparative responsibility apportionment claim as well. Since comparative responsibility is a division of the proportion of responsibility of various parties for the injury, any such calculation would necessarily involve a measurement of SNET's negligence. However, as discussed above, consideration of SNET's negligence is barred by the legislative compromise that is our workers' compensation law. Under that legislative compromise, the worker injured in the workplace is entitled to certain compensation under that law whether he slips on a banana peel he inadvertently dropped or is injured by a defective door maintained by the employer. It is therefore sometimes referred to as a no fault system of compensation. The court will leave it to others to opine about whether in practice that workers' compensation system is a more contentious adversarial proceeding for the injured worker than is a court of law for the tort plaintiff. However, the legislature has deemed that, with certain exceptions, the employer covered by the provisions of workers' compensation cannot be held liable for negligent acts which injure its employee. General Statutes § 31-284. To do so in the present context of § 52-272o would defeat the purpose of workers' compensation. See Douchette v. Pomes, 247 Conn. 442,473, (1999). Workers' compensation law "compromises an employee's right to a common law tort action for work related injuries in return for" what at least in theory should be a "relatively quick and certain compensation . . . [citations omitted]". Id. SNET therefore enjoys immunity from its employees' tort claims and is not subject to third party claims for apportionment of liability which the third party may have to the injured party because of a defective product the third party manufactured and was used in the employee's workplace.
Summary Judgment is ordered to enter in favor of SNET on its motion.
FLYNN, J.