[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MAY 4, 1999 APPLICATION FOR PERMANENT INJUNCTION
Plaintiff, who submitted a response to a request for proposal in connection with towing services, seeks an injunction against the City of Hartford.
The facts are set out in plaintiffs September 17, 1999, brief in support. The city has filed a September 28, 1999 response. The city accepts the facts as set out in the plaintiffs submission. I will not recount the facts, knowledge of which is assumed, in this brief memorandum. In essence, plaintiff contends that its proposal to provide towing services for the city was wrongly rejected and not given the consideration it should have received. The city responds, in summary, that the proposal was properly rejected; that the plaintiff has failed to exhaust available administrative remedies in the city; and that, in any event, injunctive relief is not called for.
I have reviewed the full record. I conclude that this case can be decided based on the written submissions without the need for a hearing or further argument. For the reasons stated, plaintiffs application is denied. CT Page 14049
An injunction is an extraordinary and a harsh remedy and should be granted with caution. Anderson v. Latimer PointManagement Corp., 208 Conn. 256, 262 (1988). In particular, where the granting of an injunction will result in interference with the operations of government, a court should act with extreme caution. Wood v. Town of Wilton, 156 Conn. 304, 310 (1968). Injunctions will not ordinarily be granted where the legal right being asserted is doubtful. Ginsburg v. Mascia, 149 Conn. 502,505 (1962). Moreover, the function of an injunction is to provide preventative relief, not to address wrongs already committed. With respect to matters involving competitive bidding, typically, as the city notes, courts will intervene only to protect the integrity of the competitive bidding process, and not to interfere with honest exercises of discretion. SpinelloConstruction v. Manchester, 189 Conn. 539, 544 (1983); John J.Brennan Construction Corporation, Inc. v. Shelton, 187 Conn. 695,702-704 (1982).
Under the circumstances of this case, issuance of an injunction is not called for for the following three separate, independent reasons.
First, plaintiff failed entirely to avail itself of the administrative remedy available to it under Section D 03 030 of the City of Hartford Purchasing Manual by submitting a grievance to the purchasing agent. Polymer Resources, Ltd. v. Keeney,227 Conn. 545, 561 (1993).
Second, the alleged harm in this case is past and has already occurred.
Third, the record does not reflect that plaintiff has suffered irreparable harm or is likely to succeed on the merits, two prerequisites for the issuance of an injunction. Pet v.Department of Health Services, 207 Conn. 346, 370 (1988). In the absence of such a showing, issuance of an injunction would inappropriately interfere with the city's prerogatives.
Douglas S. Lavine Judge, Superior Court