[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced on April 6, 1990 when the defendants were served. The return date was May 1, 1990 and the action was returned to court on April 16, 1990. The plaintiff asserts a punitive damages claim in his complaint. On September 30, 1991, the defendants filed their amended answer to the complaint together with special defenses.
On January 13, 1994, the defendant, Stanley-Bostitch, Inc., filed a motion for summary judgment with respect to the plaintiff's claim for punitive damages together with its January 11, 1994 memorandum of law in support of the motion for summary judgment.
The matter was presented to this court on February 7, 1994, and the plaintiff did not appear in opposition to the motion, nor has the plaintiff filed an objection to said motion and/or a memorandum of law in opposition to said motion.
Summary judgment is the proper way to test the legal sufficiency of a complaint before trial after the pleadings are closed if the pleadings, affidavits, depositions and any other supporting proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409
(1971); Camp v. Chase, 39 Conn. Sup. 264, 267 n. 1 (1984). Summary judgment as a method to test the legal sufficiency of a complaint is only available where the standards applicable to all cases for granting summary judgment are met. Boucher, 160 Conn. at 409.
In his complaint, the plaintiff alleges that he was injured on May 21, 1987 while operating an industrial stapler, the Bostitch Big T-5 Tacker. The plaintiff alleges that the defendants are responsible for the injuries sustained pursuant to General Statutes 52-572m et. seq. in that the stapler was defective, in that the defendants failed to adequately warn the CT Page 3442 plaintiff of the products dangers, in that warranties were breached and in that the defendant's conduct exhibits reckless disregard for the safety of product users. In his prayer for relief, the plaintiff requests punitive damages pursuant to General Statutes 52-240b.
A "prayer for relief"does not constitute a "cause of action" upon which judgment can enter. Disposition of a prayer for relief is only one aspect of a valid judgment. Verraster v. Tynan, 152 Conn. 645, 648 (1965). The judgment must respond not only to the prayers for relief but also to the issues presented by the pleadings.
The only pretrial method to attack a prayer for relief is a motion to strike. Practice Book 152 provides "whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any complaint, counterclaim or cross-complaint . . . the party may do so by filing a motion to strike. . . ." Procedurally, the court is therefore compelled to deny the motion for a partial summary judgment.
The motion for partial summary judgment is denied.
EDDIE RODRIGUEZ, JR., JUDGE