[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #107
On January 4, 1994, the plaintiff, Shondue Hannah, filed a four count complaint against the defendants, Thomas Sweeney, Chief of the Bridgeport Police Department, Sergeant John Carraro, Officer Louise Karoli, Officer Thomas O'Leary, and other unknown officials of the Bridgeport Police Department.
The plaintiff alleges the following facts. On September 6, 1993, the plaintiff went to the Bridgeport police station to report a hit and run accident. The plaintiff was told to bring her vehicle to the station. On September 7, 1993, at 10:00 a.m., the plaintiff returned with her vehicle and was placed under arrest. Carraro and Karoli told the plaintiff that she was a fugitive from justice from Millersville, Maryland and they had a warrant for her arrest. The plaintiff told the defendants that she had never been to Maryland. At approximately 10:30 a.m., the defendants received fingerprints and mug shots from the Millersville Police Department which did not match the fingerprints or mug shots of the plaintiff. The plaintiff recognized the person in the mug shots as a former roommate. The defendants continued to hold the plaintiff in a cell until 6:00 p. m., when the charges were dismissed by a judge of the Superior Court. Following this incident, the plaintiff filed a complaint with Officer O'Leary. The plaintiff was told by Sweeney and O'Leary that her complaint could not be accepted and no investigation was ever conducted.
In count one, the plaintiff alleges violations of 42 U.S.C. § 1983. In count two, the plaintiff alleges false arrest. In count three, the plaintiff alleges reckless endangerment. In count four, the plaintiff alleges negligent and/or intentional infliction of emotional distress. CT Page 11828
On July 14, 1994, Sweeney filed a motion for summary judgment on all four counts on the ground that the plaintiff has not alleged sufficient facts to support her claims.[1] Pursuant to Practice Book § 380, Sweeney filed a memorandum in support of the motion and has attached his affidavit and copies of uncertified deposition testimony. The plaintiff timely filed a memorandum in opposition to the motion and has attached her affidavit.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Suarez v. Dickmont Plastics Corporation, 229 Conn. 99, 105,639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06. "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to, affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380.
I. 42 U.S.C. § 1983
Sweeney argues that there are no facts in dispute regarding whether he is liable for a violation of 42 U.S.C. § 1983. The plaintiff argues that Sweeney has failed to show the absence of a factual dispute and, therefore, he is not entitled to summary judgment.[2]
 Every person who, under color of any statute, custom, or usage, of any state or territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United states or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or CT Page 11829 other proper proceeding for redress.
42 U.S.C. § 1983.
To establish a claim under § 1983, the plaintiff must allege two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the person of rights, privileges or immunities secured by the constitution or laws of the United States. Gorra Realty, Inc. v. Jetmore, 200 Conn. 151, 165,510 A.2d 440 (1986).
In the present case, Sweeney argues that the plaintiff cannot establish a § 1983 claim. Sweeney relies on uncertified copies of the plaintiff's deposition testimony to support his argument. However, uncertified deposition testimony may not be used to decide a motion for summary judgment. Kinne v. DeBesse,8 CSCR 520 (April 29, 1993, Hurley, J.); Gough v. Town ofFairfield, 7 Conn. L. Rptr. 50 (August 3, 1992, Lewis, J.).
The plaintiff alleges that Sweeney ratified the actions of the other defendants and that his acts "were motivated by racial hatred and suspicion and contravened Plaintiff's several rights under the First, Fourth, Ninth, Tenth and Fourteenth Amendments. . . ." The plaintiff also alleges that Sweeney's acts were done under the color of the state statutes and city ordinances. The plaintiff states in her affidavit that when she filed a complaint with the police department, an individual who identified himself as Sweeney called the plaintiff and attempted to dissuade her from filing the complaint. It would appear that genuine issues of material fact exist as to whether Sweeney was involved in the incident and the filing of the complaint and whether he would be liable under 42 U.S.C. § 1983. Therefore, the motion for summary judgment as to count one is denied.
II. False Arrest
Sweeney argues next that the plaintiff has failed to allege sufficient facts to support her claim for false arrest as against Sweeney. The plaintiff argues that the motion for summary judgment may not be used to test the legal sufficiency of a cause of action.
"Summary judgment is the proper way to test the legal sufficiency of a complaint before trial after the pleadings are CT Page 11830 closed if the pleadings, affidavits, depositions and any other supporting proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Hoey v. Textron, Inc., 9 CSCR 423 (March 17, 1994, Rodriguez, J.), citing Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409 (1971). "Summary judgment as a method to test the legal sufficiency of a complaint is only available where the standards applicable to all cases for granting summary judgment are met." Hoey v. Textron, Inc., 423.
"False imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another."Green v. Donroe, 186 Conn. 265, 267, 440 A.2d 973 (1982). "To prevail on a claim of false imprisonment, the plaintiff must prove that his physical liberty has been restrained by the defendant and that the restraint was against his will, that is, that he did not consent to the restraint or acquiesce in it willingly." Lo Sacco v. Young, 20 Conn. App. 6, 19,564 A.2d 610, cert. denied, 213 Conn. 808, 568 A.2d 793 (1989). "False imprisonment is categorized as an intentional tort for which the remedy at common law was an action for trespass." Id.
In the present case, the plaintiff has alleged that the defendant police officers improperly arrested her on a fugitive warrant and held her in custody long after the officers knew that she was not the named person in the warrant. The plaintiff alleges that Sweeney ratified and endorsed the arrest of the plaintiff. In her affidavit, the plaintiff states that several days after her arrest she was introduced to Sweeney, who she understood as having full knowledge of her arrest and detention. Sweeney states in his affidavit that he was not in the booking area on the day that the plaintiff was arrested and had no knowledge of her detention.[3] It appears that genuine issues of material fact exist as to whether Sweeney was involved in the plaintiff's arrest and, therefore, summary judgment on count two is denied.
III. Reckless Disregard
The defendant argues that the plaintiff has not alleged a recognizable cause of action in the third count. The plaintiff argues, as she did above, that the motion for summary judgment should not be used to test the legal sufficiency of the complaint. CT Page 11831
The Supreme Court has stated that
 [t]here is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.
Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958).
In the present case, the plaintiff has not alleged specific facts setting out what conduct of Sweeney was reckless. Nevertheless, a motion for summary judgment may only be granted if the moving party shows "the absence of any genuine issue as to all the material facts. . . ." Suarez v. Dickmont PlasticsCorp. , supra, 229 Conn. 105. As noted above, the plaintiff has alleged that Sweeney knew of her arrest and detention and ratified the other officers' actions. The plaintiff also stated in her affidavit that a person, who identified himself as Sweeney, tried to dissuade her from pursuing her complaint with the police department. Here, Sweeney has not demonstrated the absence of any genuine issue of material fact as to whether Sweeney's conduct, in regard to the plaintiff's arrest and subsequent filing of her complaint, was reckless. Therefore, the motion for summary judgment as to count three is denied.
IV. Negligent/Intentional Infliction of Emotional Distress
Sweeney argues that the plaintiff has not alleged sufficient facts to support her claims of negligent or intentional infliction of emotional distress.
In order to establish a cause of action for intentional infliction of emotional distress, the plaintiff must allege:
 (1) that the actor intended to inflict emotional distress, or that he knew or CT Page 11832 should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.
Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986). "While the question of whether a defendant's conduct is sufficiently `extreme and outrageous' is ordinarily a question of fact, it is for the court to determine, in the first instance, whether the defendant's conduct may be regarded as so extreme and outrageous as to permit recovery." Settembri v. AM.Radio Delay League, 7 CSCR 483 (March 27, 1992, Schaller, J.);Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 19, 597 A.2d 846
(1991, Berdon, J.).
An action for negligent infliction of emotional distress requires a plaintiff to allege "that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress, and that the distress, if it were caused, might result in illness or bodily harm." Buckman v.Peoples Express, Inc., 205 Conn. 166, 173, 530 A.2d 596 (1987).
In the present case, the plaintiff has alleged that Sweeney endorsed and ratified the conduct of the other defendants. The plaintiff states in her affidavit that Sweeney knew of the circumstances of her arrest and detention. The plaintiff also states that Sweeney attempted to dissuade her from filing a complaint with the police department. Again, for the purpose of summary judgment relief, Sweeney has failed to demonstrate the non-existence of genuine issues of material fact regarding whether Sweeney negligently or intentionally inflicted emotional distress on the plaintiff. Accordingly, the motion for summary judgment is denied as to count four.
MAIOCCO, J.