[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
FACTS
The plaintiff, Patricia Stepney, commenced this action against the defendant, The Devereux Foundation, Inc., to recover damages allegedly sustained when the defendant terminated her employment. In a three count complaint, the plaintiff alleges that she was injured while working at the defendant's place of business, the Devereux-Glenholme School in Washington, Connecticut. The plaintiff subsequently notified the defendant of her injury and her intention to file a claim for workers' compensation benefits. The plaintiff alleges that she was forced to resign due to the intense harassment she received because of her intention to seek such benefits. The first count of the complaint alleges that the plaintiff was terminated in retaliation for her intention to exercise her rights under Connecticut's Workers' Compensation Act, in violation of General Statutes Sec. 31-290(a). The second count alleges breach of an employment contract. The third count alleges a claim for intentional infliction of emotional distress.
The defendant now moves to strike the third count of the complaint. In support of its motion, the defendant filed a memorandum of law. The plaintiff timely filed a memorandum in opposition. The defendant also filed a reply memorandum.
DISCUSSION
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368
CT Page 7722 (1985). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The court is to construe the facts alleged in a manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). All well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. Amodio v. Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6
(1989). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in pleadings." Mingachosv. CBS, Inc., supra, 196 Conn. 108. If the facts provable under the allegations would support a cause of action, the motion to strike must fail. Ferryman v. Groton, supra, 212 Conn. 142.
The defendant argues that the third count should be stricken because Connecticut's Workers' Compensation Act, General Statutes Sec. 33-284 et seq., provides the exclusive remedy for the plaintiff's claim of intentional infliction of emotional distress. Additionally, the defendant maintains that this count does not allege extreme and outrageous conduct and, therefore, it is legally insufficient. The plaintiff claims that the third count alleges an intentional tort that does not fall within the scope of the Workers' Compensation Act. Additionally, the plaintiff claims that the injury alleged in this count is not a "personal injury" or "injury" as defined by the act, and, therefore, is not subject to the act's exclusivity provision. The plaintiff also argues that she has sufficiently alleged extreme and outrageous conduct for purposes of a claim of intentional infliction of emotional distress.
In reply to the plaintiff's arguments, the defendant argues that the amendment to the act merely provided that emotional distress injuries are no longer compensable under the act, but they are still injuries in the course of employment subject to the act's exclusivity provision. The defendant also contends that the plaintiff has a remedy under Sec. 31-290(a) and should not be permitted to also seek damages at common-law.
The purpose behind the Workers' Compensation Act is to compensate a worker for injuries arising out of and in the course of employment, regardless of fault, by imposing a form of strict liability on the employer. Crochiere v. Board of Education,227 Conn. 333, 349, ___ A.2d ___ (1993). The legislation is remedial in nature and should be broadly construed to accomplish its purpose. Dubois v. General Dynamics Corp. , 222 Conn. 62, 67, CT Page 7723607 A.2d 431 (1992).
Under the Workers' Compensation Act, "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . ." General Statutes Sec. 31-284(a); Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 532,494 A.2d 555 (1985). The Connecticut Supreme Court has consistently held in decisions under the act that "where a worker's personal injury is covered by the act, statutory compensation is the sole remedy and recovery in common-law tort against the employer is barred."Perille v. Raybestos-Manhattan-Europe, Inc., supra; Jett v.Dunlap, 179 Conn. 215, 216, 425 A.2d 1263 (1979). In this case, the plaintiff argues that the act's exclusivity provision does not apply to her claim of intentional infliction of emotional distress because her injuries are not compensable or covered by that act due the enactment of Public Act 93-228.
Prior to the enactment of Public Act 93-228, the Workers' Compensation Act defined "personal injury" or "injury" as including, "in addition to accidental injury which may be definitely located as to the time when and the place where the act occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease." General Statutes Sec. 31-275(8) (presently Sec. 31-275(16) (A)). In Crochiere v. Board ofEducation, supra, 227 Conn. 358-63, the Connecticut Supreme Court interpreted this definition of injury to include "mental disorders, even if not accompanied by physical trauma to the body." Id., 363. Public Act 93-228(1), however, amended the statutory definition by stating that "personal injury" or "injury" shall not be construed to include "[a] mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease." General Statutes Sec.31-275(16)(B)(ii).
In construing a statute, a court seeks to ascertain and give effect to the apparent intent of the legislature. Dos Santos v.F.D. Rich Construction, Inc., 233 Conn. 14, 20, ___ A.2d ___ (1995); Vaillancourt v. New Britain Machine/Litton, 224 Conn. 382,390, 618 A.2d 1340 (1993). "It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation." (Citation and internal quotation marks omitted.) Dos Santos v.CT Page 7724F.D. Rich Construction, Inc., supra. "[W]hen the language of a statute is plain and unambiguous, [the court] need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . [The court has] acknowledged, however, in the context of workers' compensation legislation, that [s]uch guidance is often of little help . . . since words seldom have precise and unvarying meaning." (Citations and internal quotation marks omitted.) Id.
When the language of a statute is unclear, the court may ascertain the intent of the legislature by looking beyond the language to the statute's legislative history and the purpose that the statute was intended to serve. Id. The Connecticut Supreme Court has recognized that the "construction of the Workers' Compensation Act should make every part operative and harmonious with every other part insofar as is possible." Id., 20-21, citing Mingachos v. CBS, Inc., 196 Conn. 91, 104,491 A.2d 368 (1985). In applying these principles, the court should be "mindful that the legislature is presumed to have intended a just and rational result." (Citations and internal quotation marks omitted.) Dos Santos v. F.D. Rich Construction, Inc., supra.
Section 31-275(16)(B)(ii) clearly and unambiguously provides that a mental or emotional impairment that does not arise from a physical injury or occupational disease is not considered a physical injury or injury under the act. This section limits the act's coverage, which has previously been described as "necessarily broad in scope." Mingachos v. C.B.S., Inc., supra,196 Conn. 99. Section 31-275(16)(B)(ii) also effectively overrules Crochiere v. Board of Education, supra, 227 Conn. 333, which held that "mental disorders, even if not accompanied by physical trauma to the body, constitute an injury under the [Workers' Compensation Act]." Id., 363. The amended definition provides that such an injury is not compensable or covered under the act. Therefore, a claim arising out of a mental or emotional impairment is not subject to the act's exclusivity provision since it does not arise "out of personal injury" as defined by the act. Sec. 31-284(a). Accordingly, an employee may bring a common-law tort action against his employer for a mental or emotional impairment arising out of and in the course of employment that does not arise from physical injury or occupational disease.
At least one commentator noted this interpretation of Section31-275(16)(B)(ii) by stating that the act's amended definition of CT Page 7725 personal injury or injury "has opened the door to the real likelihood that mental stress claims previously handled under [the Act] will now be resolved in the civil jury system." A. Sevarino, Connecticut Workers' Compensation After Reforms
(1994), pp. 154-55. This interpretation of the effect of this amendment is both rational and in keeping with the remedial purpose of the statute. The Workers' Compensation Act compromises an employee's right to a common-law tort action for work related injuries in return for relatively quick and certain compensation.Mingachos v. C.B.S., Inc., supra, 196 Conn. 97. When an injury is expressly excluded from coverage under the act, the employee's right to pursue a common-law remedy for the injury is no longer compromised. The exclusivity provided by the workers' compensation statute is a quid pro quo, and a right of action should only be deemed taken away from an employee where something of value has been put in its place. 2 A. Larson, Larson'sWorkmen's Compensation (Desk Edition 1991), Sec. 65.10, pp. 12-1 — 12-3.
The interpretation for which the defendant argues would bring about the anomalous result that the employee has compromised away his or her right to pursue a common-law remedy in return for no compensation under the act. The legislature, however, is presumed to have intended a just and rational result. Dos Santos v. F.D.Rich Construction, Inc., supra, 233 Conn. 21. If an employee does not have a remedy under the workers' compensation statute for a mental or emotional impairment that does not arise from physical injury or occupational disease, it is only just and rational that the employee be permitted to pursue a remedy for such an impairment at common-law. The defendant's motion to strike, therefore, cannot be granted on the grounds of the exclusivity of the workers' compensation statute.[1]
The defendant also claims that the third count fails to allege extreme and outrageous conduct that is required to state a claim for intentional infliction of emotional distress.
In order to establish a cause of action for intentional infliction of emotional distress, the following four elements must be alleged:
 (1) the defendant intended to inflict emotional distress, or knew or should have known that emotional distress was a likely result of his or her conduct; CT Page 7726
(2) the conduct was extreme and outrageous;
 (3) the defendant's conduct caused the plaintiff's distress;
 (4) the emotional distress sustained by the plaintiff was severe.
Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986);DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807
(1991). "Liability for intentional infliction of emotional distress requires `conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause and does cause, mental distress of a very serious kind.'. . . Thus, `[i]t is intent to cause injury that is the gravamen of the tort.'" (Citations omitted.) DeLaurentis v. NewHaven, supra, 266-67.
"Extreme and outrageous conduct is an essential element. Mere insults, indignities, or annoyances that are not extreme and outrageous will not suffice." Brown v. Ellis, 40 Conn. Sup. 165,167, 484 A.2d 944 (1984, McDonald, J.). Whether the defendant's conduct is sufficient to satisfy the element of extreme and outrageous conduct is a question, in the first instance, for the court. Mellaly v. Eastmann Kodak Co., 42 Conn. Sup. 17, 18, A.2d (1991) (Berdon, J.). Only where reasonable minds differ does it become a question for the jury. Id., citing Reed v. SignodeCorporation, 642 F. Sup. 129, 137 (D.Conn. 1986); 1 Restatement (Second), Torts Sec. 46, comment (h).
The general rule "is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Mellaly v. EastmannKodak Co., supra, 42 Conn. Sup. 19-20, quoting W. Prosser W. Keeton, Torts (5th Ed. 1984) Sec. 12, p. 60.
 Liability has been found only where the conduct has been so outrageous in character, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment CT Page 7727 against the actor, and lead him to exclaim, `Outrageous!'
Mellaly v. Eastmann Kodak Co., supra, quoting 1 Restatement (Second), Torts Sec. 46, comment (d).
The third count of the complaint alleges that the defendant, its agents, servants, and or employees harassed and/or intimidated the plaintiff because of her intention to seek workers' compensation benefits. The plaintiff alleges that these acts were extreme and outrageous. The plaintiff, however, fails to allege a sufficient factual basis for the court to conclude that the defendant's actions constituted extreme and outrageous conduct. The court cannot conclude that a recitation of these facts to the average member of the community would arouse his resentment against the defendant or lead her to exclaim, "Outrageous!" The conduct as alleged fails to rise to a level "exceeding all bounds usually tolerated by a decent society."Mellaly v. Eastmann Kodak Co., supra.
Since the third count fails to allege sufficient facts to satisfy the element of extreme and outrageous conduct, the motion to strike the third count of the complaint is granted.
PICKETT, J.