[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF
On August 28, 1996, plaintiff Charles Batts filed a complaint in this case. In the complaint, to summarize, plaintiff makes various allegations relating to what he asserts are instances of inappropriate disciplining of him by placing restrictions on his ability to communicate with various persons, inside and outside of CCI-Northern, where he is confined. Plaintiff seeks a temporary and permanent injunction against what he claims are continuing abridgement of his First Amendment rights, and the First Amendment rights of other prison inmates and persons,[1] as well as other relief.
The defendant has denied that plaintiff's First Amendment rights are in any way being infringed; asserts that any restrictions on plaintiff's ability to communicate with others and provide legal advice to other inmates are appropriately related to valid penalogical considerations; and denies as well that plaintiff can demonstrate he will suffer irreparable harm or lacks an adequate remedy at law.
Hearings were held on November 4, 1996 and December 9, 1996. Having considered the full record and the testimony, and the parties' written submissions, I accept the arguments made by defendant and conclude that plaintiff's requests for temporary and permanent injunctive relief ought to be denied.[2]
Legal Standards for Injunctive Relief
To prevail in his request for injunctive relief, plaintiff must show that if an injunction is not granted he will suffer irreparable harm for which there is no adequate remedy at law. Tomasso Bros., Inc. v. October Twenty-Four,Inc., 230 Conn. 641, 648, 646 A.2d 133 (1994). "In CT Page 1087 exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction." Moore v.Serafin, 163 Conn. 1, 6, 301 A.2d 238 (1972). The burden of proving imminent and irreparable harm and lack of an adequate remedy at law is on the party seeking injunctive relief.Berin v. Olson, 183 Conn. 337, 340, 439 A.2d 357 (1981). An injunction will not issue "where the legal right is doubtful." Ginsberg v. Mascia, 149 Conn. 502, 505 (1962). The function of an injunction is to afford preventive relief, not to redress wrongs already committed. Roy v. Moore,85 Conn. 159, 166 (1912). The issuance of an injunction is an exercise of extraordinary power which rests within the sound discretion of the court. City of hartford v. AmericanArbitration Ass'n., 174 Conn. 472, 477 (1978).
Discussion
On review of the full record in this case, I conclude that as applied to the facts of this case, the defendant's administrative regulations prohibiting plaintiff from communicating with others are based on sound and reasonable penalogical interests unrelated to the suppression of expression, and are reasonably related to such interests, including valid — indeed essential — security concerns.Thornburgh v. Abbott, 490 U.S. 401 (1995); Turner v. Safley,482 U.S. 78 (1987); Duffen v. Commissioner of Correction, No. 168242, Memorandum of Decision on writ of Habeas Corpus (Radin, 1972); Hodges v. Jones, 873 F. Sup. 737, 745
(N.D.N.Y. 1995). See also administrative regulations cited and relied upon by the Department of Correction, particularly directives 9.5 and 10.7. Under the circumstances of this case, given the availability of legal counsel to other inmates, plaintiff's claim that other inmates are being denied the right to his legal assistance must fail. Hodges v. Jones,873 F. Supp. at 745. See also Commissioner John Armstrong's October 31, 1996, affidavit, paragraph 17.
On review of the full record, I also conclude that any restrictions which have been placed on plaintiff's ability to communicate with third parties outside of the institution have been reasonably related to legitimate penalogical interests.Thornburgh v. Abbott, 490 U.S. 401 (1995); Turner v. Safley,482 U.S. 78, 89 (1987); Rogue v. Warden, 181 Conn. 85, 96-100
(1980).[3] The evidence indicated that plaintiff had received numerous CT Page 1088 disciplinary sanctions resulting in the loss of social mail and telephone privileges. See Commissioner John Armstrong's October 31, 1996, affidavit, indicating that plaintiff had been confined to Northern because he had assaulted a DOC employee and had 104 disciplinary tickets. Nothing in the evidence indicated that the imposition of these penalties was inappropriate, arbitrary, or was motivated by a desire to unduly restrict plaintiff's ability to appropriately communicate with others. Commissioner Armstrong testified on December 9, 1996, that imposition of the loss of mail privileges was "vital" to the mission of disciplining prisoners — often violent, assaultive, and incorrigible offenders — and was related to the "legitimate objective" of protecting the public, inmates, and prison personnel. He testified that the imposition of this sanction must be narrowly tailored to the particular situation, and graduated, evidencing the need to avoid imposing loss of mail for any improper or purely vindictive purpose.[4] He testified further that a process existed for inmates whose correspondence or telephone privileges are restricted to communicate with sick or ill relatives, a particular concern of plaintiff's. See also Commissioner Armstrong's October 31, 1996, affidavit, paragraphs 5-11.
The evidence indicates that plaintiff has had the full opportunity to avail himself of internal administrative processes, such as grievance procedures, to contest the imposition of these restrictions. See Pet v. Department ofHealth Services, 207 Conn. 346 (1988). See also defendant's supplemental memorandum in opposition dated November 25, 1996, at pages 2-5.
Summary and Conclusion
The court fully recognizes that "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Wolff v. Mcdonnell, 418 U.S. 539, 555 (1974). However, given the facts of this case, I conclude that plaintiff has failed to prove that he will suffer irreparable injury and lacks an adequate remedy at law in connection with the claims asserted in his complaint. Both temporary and permanent injunctive relief, given the circumstances present, would be uncalled for and unwise given the legitimate prerogatives of those who have the difficult task of fairly but firmly administering state correctional institutions. The Court fully credits Commissioner Armstrong's testimony. Plaintiff's request for injunctive relief is therefore CT Page 1089 denied.
Douglas S. Lavine Judge, Superior Court